UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 8:02-cr 36-T-27 MSS

BARRINGTON CHRISTIE, a/k/a "Father,"
MICHAEL CHRISTIE, a/k/a "Nacha,"
DESMOND HENRY, a/k/a "Selassie," and
DEVON BENNETT, a/k/a "Vibes"

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From an unknown date through in or about September, 2001, in the Middle District of Florida and elsewhere the defendants,

BARRINGTON CHRISTIE, a/k/a "Father,"
MICHAEL CHRISTIE, a/k/a "Nacha,"
DESMOND HENRY, a/k/a "Selassie,"
and
DEVON BENNETT, a/k/a "Vibes,"

did knowingly and willfully conspire and agree with each other and with others both known and unknown to the Grand Jury to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(iii).



1

## COUNT TWO

On or about March 14, 2001, in the Middle District of Florida, the defendant,

DESMOND HENRY, a/k/a "Selassie,"

did knowingly and willfully possess with intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

## COUNT THREE

On or about March 22, 2001, in the Middle District of Florida, the defendant,

DEVON BENNETT, a/k/a "Vibes,"

did knowingly and willfully possess with intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

## COUNT FOUR

On or about June 1, 2001, in the Middle District of Florida, the defendant,

BARRINGTON CHRISTIE, a/k/a "Father,"

did knowingly and willfully possess with intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

## COUNT FIVE

On or about July 9, 2001, in the Middle District of Florida, the defendant,

MICHAEL CHRISTIE, a/k/a "Nacha,"

did knowingly and willfully possess with intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

## COUNT SIX

On or about September 19, 2001, in the Middle District of Florida, the defendant,

DEVON BENNETT, a/k/a "Vibes,"

did knowingly and willfully possess with intent to distribute and distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

## FORFEITURE

1.  The allegations contained in Counts One through Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2.   From their engagement in any and all of the violations alleged in Counts One through Six of this Indictment, punishable by imprisonment for more than one year, which counts are realleged and incorporated as if fully set forth herein, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of their interest in:

    a.   Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and

    b.   Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred, sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON

MAC CAULEY
United States Attorney

By:_____
JAMES C. PRESTON, JR.
Assistant United States Attorney

By:_____
WALTER E. FURR, III
Assistant United States Attorney
Chief, Narcotics Section

N:\ccole\JPreston\Christie_Barrington\P_Indictment.wpd